PHEBE ANN BURLEW *vs.* JOHN F. HILLMAN, and others.

1. It is no defence to a suit brought by a wife after the death of her husband, to foreclose a mortgage made to her *jointly* with her husband for the benefit of the wife, that the bond was given to the husband *alone,* and to his heirs. She is the surviving mortgagee, and has a clear right to enforce her remedy under the mortgage.

2. A party *beneficially* interested in a contract may maintain a suit in equity in his own name to enforce such rights, though he be not a party to the instrument creating them.

3. Where there are several parties in interest, and the mortgagor is in doubt as to the rights of the complainant under a bill to foreclose, he is entitled to have the question judicially determined for his own security, but not at the cost of the mortgagee.

4. The general rule is that the mortgagee is entitled to costs, both on bills to redeem and to foreclose.

---

*Bedle,* for complainant.

*Schenck,* for defendant.

THE CHANCELLOR. The bill is filed to foreclose a mortgage, given by John F. Hillman and wife to Phebe Ann Burlew and Richard Burlew, to secure the payment of the

sum of one thousand dollars, with interest, agreeably to the condition of an obligation of even date, given by Hillman to Richard Burlew, his heirs and assigns. The condition of the bond is, that the obligor shall pay to the said Phebe Ann Burlew, during her natural life, annually, on the first day of April, the interest of one thousand dollars, and such further sum of the principal, not exceeding twenty-five dollars, as may be necessary for her support and maintenance; and if the said Richard shall survive the said Phebe Ann, the obligor shall pay him the interest during his natural life, and on the decease of the said Richard and Phebe Ann, shall pay the principal sum of one thousand dollars, or so much thereof as remains unpaid, to the heirs of the said Richard and Phebe Ann Burlew.. If there be a default in the payment of interest, and the same remain unpaid for six months after becoming due, the whole sum to become due and payable on demand, and the said sum reinvested as above specified, by consent of the parties interested.

The bill prays that the complainant may receive the arrears of interest, with twenty-five dollars per annum for her support and maintenance, and that the balance of principal remaining unpaid may be decreed to be paid and reinvested for the purposes of the trust.

The mortgagees, Richard Burlew and Phebe Ann Burlew, were husband and wife. Articles of separation were entered into between them, cotemporaneously with the date of the bond and mortgage, which were given, as appears by the recital of the mortgage, for the purpose of carrying the provisions of the articles into effect. The husband died in November, 1860. The parties continued to live separate during the life of the husband; the wife receiving, for several years, the interest and twenty-five dollars of the principal, annually. Both principal and interest were in arrear at the time of filing the bill, on the twelfth of June, 1861.

The question, how far a court of equity will interfere to enforce the provisions of a voluntary separation between husband and wife, is not raised, nor is the validity of the

deed of separation drawn in question. The parties, it is admitted, lived separately from the date of the bond and mortgage, until the death of the husband; the wife receiving the sum of principal and interest stipulated to be paid by the husband, in lieu of her support and maintenance and in full discharge thereof. Enforcing compliance with the terms and conditions of the bond against the obligor at this time can affect no marital right or obligation, as between the husband and wife. As against the defendant, the equitable right of the wife is clear.

It is objected that the suit cannot be maintained in the name of the wife, inasmuch as the bond was given to the husband alone and to his heirs. This objection would be fatal to an action at law brought by the wife upon the bond. For the right of action at law is vested solely in the party having the strict legal title and interest, in exclusion of the equitable claim. 1 *Chitty's Pl.* (*ed.* 1837) 2.

But the complainant is seeking to enforce not a legal, but an equitable right. She has the entire beneficial interest in the bond, so far as the objects of this suit are involved. She is moreover the surviving mortgagee; the mortgage having been executed to her jointly with her husband, and she has therefore a clear right to enforce her remedy under the mortgage. Independently of this circumstance, a party beneficially interested in a contract may maintain a suit in equity in his own name to enforce such rights.

Equity recognizes the right of a wife to a separate estate, and will protect and enforce that right, even as against the husband, without the interposition of trustees. If the husband is living, and the legal right vested in him, equity will treat him as a *trustee* for the wife. The trust in favor of the wife will attach upon him, and be enforced as if he were a mere stranger. 2 *Story's Eq. Jur.*, § 1378, 1380.

But the husband being dead, the wife being the surviving mortgagee, and the beneficial interest exclusively in her, the case is clear of all difficulty upon this point.

The material question in the cause is, whether the com-

plainant is entitled to recover more than the arrears of interest due upon the mortgage.

It is insisted first, that no part of the principal is necessary for her support and maintenance, in which event only, by the terms of the contract, it is to be paid to her. By the terms of the contract the complainant is to receive, in addition to the interest, so much of the principal, not exceeding twenty-five dollars in any one year, as may be necessary for her support and maintenance. It is urged that as the complainant is furnished a home by her son and is not incapable of labor, no part of the principal is necessary for her support.

It is difficult to determine what was understood and intended by the phrase, " necessary for her support and maintenance." It would seem, that it must have been intended by the parties that the wife should contribute to her support by her own labor, for the whole provision is not sufficient to furnish her the bare necessaries of life. The lowest rate at which she could procure board in the vicinity where she lives, is shown to be two dollars per week, and the cost of clothing suitable to her station in life, is shown to be fifty dollars per annum. Nor on the other hand could it have been intended merely to keep the wife from absolute want. It must have been designed to furnish the wife a comfortable subsistence, in connection with the earnings of such labor of her own as might be suitable to her age and state of health. In this view of the case, the evidence shows that she is entitled to receive the full extent of the allowance provided by the contract. This conclusion is fully justified by the fact that twenty-five dollars of the principal was paid to the wife by the defendant while the husband was alive, for three years after the execution of the contract. The defendant is a son-in-law of Burlew, was on terms of familiar intercourse with him after the separation, lived in the vicinity of the parties, and must have known the views of the husband and the wants of the wife. No change in the situation or circumstances of the wife is shown, rendering the provision less necessary for her support now, than it was immediately after

the contract was made. The conduct of the parties has gone far to settle the true interpretation of the contract.

The fact that a son of the complainant temporarily contributes to her support by furnishing her a home, cannot affect her legal rights under the contract.

It is further urged that the complainant agreed to accept interest on the whole principal of the bond, sixty dollars per annum, in full of her claim, acknowledging that the twenty-five dollars of principal was not necessary for her support. This agreement is not satisfactorily proved. No consideration is pretended to have been paid for it. The complainant and her son, while they admit that this arrangement was proposed, both deny that any contract to that effect was consummated. The complainant is entitled to recover the arrears of interest, with the annual instalments of principal remaining unpaid.

There is a clear forfeiture of the bond. No one of the instalments of interest, except the first, has been paid within six months after becoming due. By the terms of the contract the whole principal of the bond has become due, and the complainant is entitled to have the same collected and re-invested under the direction of the court, or by consent of the parties interested.

There is no necessity of a reference to a master. The amount due is a mere matter of computation. If the parties cannot agree as to the amount, the computation may be at once made and the amount ascertained by a master.

It is obviously for the interest of all parties that the investment should not be unnecessarily changed; and if changed, that it should be by consent of those interested, and if practicable, without the aid and direction of the court.

The complainant is entitled to costs. If the mortgagor was in doubt as to the rights of the complainant, he was entitled to have the question judicially determined for his own security, but not at the cost of the mortgagee. Nor will the refusal of the heirs of the husband to sign a written assent

to the payment of the principal, affect the question. The rights of the mortgagee cannot be prejudiced by such refusal. The general rule is that the mortgagee is entitled to costs, both on bills to redeem and to foreclose. See cases collected in note to *Cranstown* v. *Johnston,* 1 *Hovenden's Sup. to Vesey Jr.* 267.

There is nothing in the case to exempt the defendant from the operation of the general rule.